1

2          **E-filed 03-29-2011**

3

4

5

6

7

8                  **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                           **SAN JOSE DIVISION**

11

| | |
|---|---|
| In the Matter of the Confession of Judgment by: | Case Number 10-MC-80231-JF |
| GENESIS FLUID SOLUTIONS, LTD., a Colorado corporation, and MICHAEL K. HODGES, an individual, | ORDER[1] DENYING MOTION TO AMEND OR CORRECT JUDGMENT BY CONFESSION; ORDER VACATING JUDGMENT |
| Defendants, | [Re: Docket No. 9, 10] |
| v. | |
| EAGLE NORTH AMERICA, INC., a South Carolina corporation, | |
| Plaintiff. | |

22                           **I.  BACKGROUND**

23          This miscellaneous action arises from previous litigation in *Eagle North America, Inc. v.*

24  *Genesis Fluid Solutions, LTD.* (Case No. C-08-02060-RMW).  In July 2009, after extensive

25  litigation, the parties reached a settlement that was entered on the record before Magistrate Judge

26  Trumbull and later reduced to a written agreement.  The settlement agreement required Genesis

27  ─────────────────────

28          [1]          This disposition is not designated for publication in the official reports.

1   to sign a judgment by confession.  The judgment would lie dormant unless Genesis were to

2   breach the terms of the agreement.[2]

3          Genesis made its initial good faith payment of $25,000 as well as each monthly

4   installment from June 2009 through April 2010.  (Eagle's Reply to Opp., Ex. C.)  In May 2010,

5   Genesis apparently was late with its payment because of a disagreement with its parent company.

6   (*Id*. at Ex. D.)  Genesis eventually sent a check to Eagle, but when Eagle attempted to deposit it

7   the bank refused to honor the payment.  (*Id*.)  The rejection evidently was the result of a bank

8   error.  (*Id*.)  Subsequently, Eagle took the position that Genesis had breached the settlement

9   agreement and refused to accept further monthly installments.  (*Id*. at Ex. A.)  In September

10  2010, Eagle filed the instant action and a declaration seeking entry of judgment by confession.

11  (Dkt. No. 1.)  Judgment was entered October 13, 2010.  (Dkt. No. 6.)  After receiving the signed

12  judgment, Eagle's legal counsel submitted a bill of costs pursuant to Civil Local Rule 54.  (Dkt.

13  No. 7.)  In its cost bill Eagle included the remaining principal owed, a calculation of interest on

14  the principal, proof of costs incurred by Eagle prior to June 26, 2009, and an itemized accounting

15  of attorney's fees incurred in prosecuting the claim against Genesis. (Mot. to Amend Judgment,

16  4:12-19.)  On November 22, 2010, the Clerk of the Court disallowed all of the costs requested as

17  "outside the ambit" of Civil Local Rule 54-3, with the exception of the $39.00 filing fee for the

18  instant action.  (*Id*. at 4:20-5:1.)

19         On February 11, 2011, Eagle moved to amend or correct the judgment; or in the

20  alternative, for relief from judgment and to extend time within which to file a motion for

21  attorney's fees.  Genesis filed its opposition papers on February 25, 2011, and at the same time

22  noticed a motion for relief from judgment pursuant to Fed. R. Civ. Pro. 60(b)(4).  Genesis

23  _____

24         [2]The agreement states in relevant part that "[i]n the event of a breach of the Settlement
    Agreement, Genesis authorize[s] entry of judgment against the debtors jointly and severally in
25  favor of Eagle for the principal sum of [$152,000], less payments already made by Genesis, plus
    interest accrued at the legal rate of ten percent per annum from June 26, 2009, plus attorney's
26  fees and costs in an amount according to proof incurred by Eagle prior to June 26, 2009 in
    Northern District of California Case No. C08 02060 RMW, plus any and all attorney's fees and
27  costs incurred by Plaintiff after June 26, 2009." (Mot. to Amend, 3:20-29.)

28

2

Case No. 10-MC-80231-JF
ORDER DENYING MOTION TO AMEND OR CORRECT JUDGMENT BY CONFESSION; ORDER VACATING
JUDGMENT
(JFEX2)

1  contends that the judgment entered on October 13, 2010 is void because Eagle "failed to take the
2  necessary steps for instituting an action in federal court."  (Genesis Opp., p.2.)

## II.  DISCUSSION

### A.  Whether a Judgment By Confession is Valid and Enforceable in Federal Court.

A judgment by confession is an "ancient legal device by which the debtor consents in advance to the holder's obtaining a judgment without notice or hearing."  *D.H. Overmyer Co. Inc., of Ohio v. Frick Co.*, 405 U.S. 174, 176 (1972).  Although the procedure is recognized in California state courts, the Federal Rules of Civil Procedure do not authorize use of this device. In a similar case in this district, Judge Alsup concluded that the procedure Eagle seeks to use is improper.  *Boosalis Options, LP v. Farnbacher Loles Motorsports, LLC*, 2010 WL 335651, at *1 (N.D. Cal. Jan. 22, 2010).  Significantly, that case also was rooted in diversity jurisdiction and state law also applied to the contract.  *Id.* at *2.  Invoking the *Erie* doctrine[3], Judge Aslup determined that "the entry of a confessed judgment is a matter of procedure where federal rules govern."  *Id.* at *2.  He also observed that Fed. R. Civ. Pro. 54 through 58 "prescribe various avenues for entering judgment, none of which contemplate a confession of judgment."  *Id.* Under the Federal Rules, a party seeking to enforce a judgment by confession must file a complaint under Fed. R. Civ. Pro. 3, and serve a summons under Fed. R. Civ. Pro. 4.  *Id.* at *1.

As in *Boosalis*, the proper procedure here "would have been for [Eagle] to file a complaint to enforce the settlement agreement.  Then [Eagle] would have served the complaint and summons on [Genesis]."  *Id.* at *2.  At that point Genesis "would have to explain why the settlement agreement should not be enforced. If there were no valid reason, the settlement would presumably be enforced."  *Id.*  At oral argument, counsel for Genesis represented he intends to contest whether in fact there was a material breach of the settlement agreement.

### III.  ORDER

GOOD CAUSE THEREFORE APPEARING, Genesis's motion for relief from judgment

[3]*Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).

3

is GRANTED, and Eagle's Motion to amend or correct judgment by confession is DENIED. The

Clerk shall close the file.


IT IS SO ORDERED


DATED:   March 28, 2011

_____

JEREMY FOGEL
United States District Judge

Case No. 10-MC-80231-JF
ORDER DENYING MOTION TO AMEND OR CORRECT JUDGMENT BY CONFESSION; ORDER VACATING
JUDGMENT
(JFEX2)